**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OVIDIO ALFARO,<br><br>              Petitioner,<br>     vs.<br><br>MICHAEL CHERTOFF, et al,<br><br>              Respondents.<br>_____/ | CASE NO. CV-F-08-1467 LJO-WMW (HC)<br><br>**ORDER DENYING EX PARTE**<br>**MOTION FOR STAY OF REMOVAL** |

On September 29, 2008, petitioner Ovidio Alfaro ("Petitioner") filed an "ex parte emergency motion for stay of removal of alien from the United States." (Doc. 1.)

The petition alleges Petitioner was arrested on July 19, 2008 in the City of Salinas, California after a traffic stop. Petitioner further alleges the traffic stop was without cause. Petitioner alleges that during the stop, the police officers contacted other law enforcement agencies and came to the conclusion that Petitioner was not authorized by the U.S. Government to be in the United States. The Salinas police officers arrested Petitioner, and Petitioner was eventually transported and housed in a correctional facility in Bakersfield, California. Petitioner further alleges that he was "told that he will be deported this coming Wednesday October 1, 2008." (Doc. 1, Petition, p.2:17-18 and p.3:5-6.) Petitioner does not support his allegation that he will be "deported" with any evidence. No documents are submitted and no competent testimony is provided. The only support for the proposition that he will be deported is a statement that this is what was told to him by someone not identified.

Based on the submission, the Court cannot find that emergency relief is warranted. Petitioner

will receive formal notice of the initiation of removal proceedings under 8 U.S.C.A. § 1229a. In removal proceedings, written notice, also referred to as a "notice to appear," is given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any).  8 U.S.C.A. § 1229(a)(1) ("In removal proceedings under section 1229a of this title, written notice . . . **shall** be given in person to the alien").  The notice must include—

    (A) nature of the proceedings against the alien.

    (B) legal authority under which the proceedings are conducted.

    ( C) acts or conduct alleged to be in violation of law.

    (D) charges against the alien and the statutory provisions alleged to have been violated.

    (E) **time and place at which the proceedings will be held**, and consequences of the failure, except under exceptional circumstances, to appear at such proceedings.

    (F) facts that the alien may be represented by counsel, and that the alien will be provided a period of time to secure counsel, as well as a current list of counsel.

    (G) requirement that the alien must immediately provide, or have provided, the Attorney General with a written record of an address and telephone number, if any, at which the alien may be contacted regarding removal proceedings (as well as a written record of any change of address or telephone number), and the consequences of failing to do so.

*Id.* (Emphasis added.)

    Petitioner has not addressed the issue of the notice; notice which is mandatory to initiate removal proceedings.  There is no evidence before the Court that any removal proceeding has been instituted, or that any removal proceedings are pending. Accordingly, the emergency petition is DENIED.

IT IS SO ORDERED.

**Dated:  October 2, 2008**                    **/s/ Lawrence J. O'Neill**
                                               UNITED STATES DISTRICT JUDGE